UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:17-CR-268-1BR

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BAKARI TEACHEY | ORDER |

This matter is before the court on defendant's motion for relief from improper joinder. (DE # 33.) The government filed a response in opposition to the motion. (DE # 34.) This matter is ripe for disposition.

On 22 August 2017, the grand jury returned an indictment against defendant charging him with four counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924. Counts 1 and 2 are based on conduct allegedly occurring on 9 and 11 May 2017, respectively. Counts 3 and 4 are based on conduct allegedly occurring on 4 August 2017 and also charge defendant with illegally possessing ammunition.

By way of the instant motion and pursuant to Federal Rules of Criminal Procedure 8 and 14, defendant requests that the trial on Counts 1 and 2 be separate from the trial on Counts 3 and 4.

> Federal Rule of Criminal Procedure 8(a) provides:
> > Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> Fed.R.Crim.P. 8(a). Rule 8(a) permits "very broad joinder," "because the prospect of duplicating witness testimony, impaneling additional jurors, and

> wasting limited judicial resources suggests that related offenses should be tried in a single proceeding." Thus, joinder is the "rule rather than the exception," "because of the efficiency in trying the defendant on related counts in the same trial."
> 
> The requirements of Rule 8(a), however, "'are not infinitely elastic,'" "and so 'cannot be stretched to cover offenses . . . which are discrete and dissimilar.'" Joinder of unrelated charges "create[s] the possibility that a defendant will be convicted based on considerations other than the facts of the charged offense."

United States v. Hawkins, 776 F.3d 200, 206 (4th Cir. 2015) (citations omitted) (alteration and omission in original).

"If joinder of offenses . . . in an indictment . . .appears to prejudice a defendant . . ., the court may order separate trials of counts . . . ." Fed. R. Crim. P. 14(a). "This rule contemplates that joinder under Rule 8(a) can be proper and, at the same time, severance can be required. Such cases, however, will be rare. It is not enough for the defendant to show that severance offers him 'a better chance of acquittal.'" United States v. Cardwell, 433 F.3d 378, 387 (4th Cir. 2005) (citation omitted).

In this case, joinder is clearly proper, and defendant does not argue otherwise. Each count charges defendant with violating the same statute. Thus, the counts "are of the same or similar character," satisfying Rule 8(a). See Hawkins, 776 F.3d at 208 ("[I]t is an unremarkable example of offenses of the 'same or similar character' when the defendant is charged only with multiple violations of the same statute." (citation omitted)).

Even so, defendant contends that prejudice may result at trial from joinder of all counts. Specifically, he points out that the incidents forming the basis of Counts 1 and 2 occurred three months prior to the incidents forming the basis of Counts 3 and 4 and that Counts 3 and 4 involve a shooting. He argues the jury might infer, based on the evidence related to the

2

shooting, that he "has a propensity for gun violence," and such evidence "has the potential to taint the trial of the remaining counts . . . ." (Mot., DE # 33, at 3.) The court notes that, according to defendant, Count 1 involves defendant allegedly striking a man with the butt of a handgun. (Id. at 2.) Based on evidence of that incident, one might also infer that defendant has a propensity for gun violence. Thus, trying Counts 1 and 2 separately from Counts 3 and 4 would not necessarily alleviate that purported prejudice. Furthermore, the court routinely instructs jurors in criminal cases involving multiple counts that each charge and the evidence pertaining to it should be considered separately and the fact that they may find the defendant guilty (or not guilty) of one charge should not control their verdict as to any other charge. Those instructions serve to mitigate any prejudice from the joinder of counts. See Cardwell, 433 F.3d at 388 (concluding the district court did not err in failing to sever felon-in-possession count from murder-for-hire counts where the district court gave similar jury instruction and the defendant had stipulated to the existence of the prior felony).

Defendant's motion for relief from improper joinder is DENIED.

This 10 January 2018.

_____
W. Earl Britt
Senior U.S. District Judge