UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:17-CR-268-1BR

UNITED STATES OF AMERICA

v.

BAKARI TEACHEY

ORDER

On 29 January 2018, the court held an evidentiary hearing on defendant's motions to suppress. The court took under advisement whether the statements defendant made following his arrests on 11 May 2017 and 8 August 2017 should be suppressed. The parties have filed supplemental briefs on defendant's 8 August statements.

With regard to defendant's 11 May post-arrest statements, the parties do not dispute that the form the arresting officer went over with defendant (and which defendant ultimately signed) pertained to defendant's Sixth Amendment rights. The parties also do not dispute that defendant was entitled to be informed of his rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966), which are designed to protect a defendant's Fifth Amendment privilege against self-incrimination. Defendant contends he was not adequately informed of his Miranda rights, and therefore, he did not voluntarily waive those rights, requiring suppression of his post-arrest statements.

> In *Miranda*, the Supreme Court explained that "[p]rior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." . . . .
> The Supreme Court . . . "has never indicated that the 'rigidity' of *Miranda* extends to the precise formulation of the warnings given a criminal defendant." *California v. Prysock*, 453 U.S. 355, 359, 101 S.Ct. 2806, 2809, 69 L.Ed.2d 696

> (1981). "*Miranda* itself indicated that no talismanic incantation was required to satisfy its strictures. The Court in that case stated that '[t]he warnings required and the waiver necessary in accordance with our opinion today are, *in the absence of a fully effective equivalent*, prerequisites to the admissibility of any statement made by a defendant.'" *Id.* (emphasis in original) (quoting *Miranda*, 384 U.S. at 476, 86 S.Ct. at 1629). Thus, satisfaction of *Miranda* does not turn on the precise formulation of the warnings, but rather, on whether the "warnings reasonably 'convey to [a suspect] his rights.'" *Duckworth v. Eagan*, 492 U.S. 195, 203, 109 S.Ct. 2875, 2880, 106 L.Ed.2d 166 (1989) (quoting *Prysock*, 453 U.S. at 361, 101 S.Ct. at 2810).

United States v. Frankson, 83 F.3d 79, 81-82 (4th Cir. 1996). Considering the evidence surrounding defendant's execution of the Sixth Amendment rights form, the court concludes that the warnings defendant was given reasonably conveyed to him his rights. Accordingly, the court will deny defendant's second motion to suppress which concerns his 11 May statements.

Turning to defendant's statements following his 8 August arrest, some background is helpful. On 6 August, defendant was arrested on a state charge. After his arrest, a state law enforcement officer informed defendant of his Miranda rights. Defendant invoked his right to counsel, the interview concluded, and defendant bonded out. Two days later, on 8 August, federal authorities arrested defendant on a criminal complaint charging him with being a felon in possession of ammunition. The federal agent informed defendant of his Miranda rights, and defendant signed the federal Advice of Rights and Waiver form. The federal agent interviewed defendant. Defendant argues that his 8 August post-arrest statements should be suppressed pursuant to Arizona v. Roberson, 486 U.S. 675 (1988).[1]

---

[1] Defendant also claims, subsequent to executing the waiver form, he invoked his right to counsel and challenges the voluntariness of his statements under the Due Process clause. Given the court's resolution of the motion on an alternative ground, the court does not reach these other issues.

In <u>Roberson</u>, the Court recognized the rule it had set forth in <u>Edwards v. Arizona</u>, 451 U.S. 477, 484-85 (1981), "that a suspect who has 'expressed his desire to deal with the police only through counsel is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police.'" 486 U.S. at 677. The Court refused to make "an exception to that rule for cases in which the police want to interrogate a suspect about an offense that is unrelated to the subject of their initial interrogation." <u>Id.</u>

The government does not deny that defendant invoked his right to counsel on 6 August when the state officer attempted to interrogate him on the state charge. Rather, relying on <u>United States v. Alvarado</u>, 440 F.3d 191 (4th Cir. 2006), the government argues that because the Sixth Amendment right to counsel is offense-specific, the federal agent could interview defendant on 8 August on the federal charge, after having informed defendant of his <u>Miranda</u> rights. Alternatively, relying on <u>Maryland v. Shatzer</u>, 559 U.S. 98 (2010), the government argues that because defendant had been released from custody between 6 and 8 August, the <u>Edwards</u> rule does not apply. The court considers these arguments in turn.

The government's reliance on the Sixth Amendment and <u>Alvarado</u> is misplaced. The Sixth Amendment right to counsel and its contours at issue in <u>Alvarado</u> are not relevant to the court's analysis. What is relevant is defendant's Fifth Amendment right to counsel derived from the privilege against self-incrimination. "The right to counsel embodied in the Fifth Amendment is [] distinct from its Sixth Amendment counterpart. Whereas the Sixth Amendment entitlement attaches only in 'criminal prosecutions,' i.e., upon indictment or other commencement of formal proceedings, the Fifth Amendment right may arise beforehand,

3

whenever a suspect is taken into custody and questioned." United States v. Holness, 706 F.3d 579, 593 (4th Cir. 2013).

> The Fifth Amendment right to counsel applies in a narrow sense 'only to custodial interrogation,' but it broadly 'relates to interrogation regarding any suspected crime and attaches whether or not the adversarial relationship produced by a pending prosecution has yet arisen.' Thus, although the Sixth Amendment right to counsel is offense-specific, the similar right derived from the Fifth Amendment is not.

Id. at 594 (quoting McNeil v. Wisconsin, 501 U.S. 171, 178 (1991)) (footnote omitted).

Defendant invoked his Fifth Amendment right to counsel during the custodial interrogation on 6 August. As such, the Edwards rule comes into play as to any subsequent custodial interrogation. It "applies . . . when the subsequent interrogation pertains to a different crime, when it is conducted by a different law enforcement authority, and even when the suspect has met with an attorney after the first interrogation." Shatzer, 559 U.S. at 109 (citations omitted).

The government's second, alternative argument is defendant's break in custody between 6 and 8 August dissolved the Edwards prohibition against interrogation. "In Shatzer, the Supreme Court established a bright-line rule that if a suspect who has invoked his right to have counsel present during a custodial interrogation is released from police custody for a period of fourteen days before being questioned again in custody, then the Edwards [rule] will not apply." United States v. Guzman, 603 F.3d 99, 105 (1st Cir. 2010) (citing Shatzer, 559 U.S. at 110). Because defendant was not released from custody for fourteen or more days between custodial interrogations, the rule still applies, and the statements defendant made to law enforcement on 8 August will be suppressed.²

---

² After his arrest on 8 August, defendant also made a number of statements during recorded telephone calls with

For the foregoing reasons, defendant's first motion to suppress is GRANTED as to the statements defendant made to law enforcement on 8 August. Defendant's second motion to suppress is DENIED.

This 2 February 2018.

                                                      W. Earl Britt
                                                      Senior U.S. District Judge

---

third parties. Because defendant did not make these statements to law enforcement, the court will not suppress the statements.