IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CR-268-FL-1
NO. 5:22-CV-523-FL

| | | |
|---|---|---|
| BAKARI MAURICE TEACHEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 169) and respondent's motion to dismiss (DE 175). The issue raised are ripe for ruling. For the following reasons, the court dismisses petitioner's § 2255 motion, and grants respondent's motion.

## BACKGROUND

Petitioner was found guilty at trial on February 9, 2018, with possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (counts one and two); and possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Prior to sentencing, the United States Probation office filed a presentence report ("PSR") that calculated a total offense level 32, criminal history category IV, and a guidelines imprisonment range of 168-210 months. The court sentenced petitioner on July 3, 2018, to 120 months imprisonment on counts one and two, concurrently; 90 months imprisonment on count four, to be served consecutively; producing a total term of 210 months. Petitioner appealed and the court of appeals affirmed petitioner's judgment and sentence.

Petitioner filed the instant motion to vacate asserting a claim of ineffective assistance of counsel on the following grounds:

1. Counsel failed to move to suppress photos found from a cellphone search;
2. Counsel allowed the government to use hearsay testimony and failed to call a witness;
3. Counsel advised defendant to reject a more favorable plea and lied to defendant about being able to receive a sentence of 120 months if defendant lost at trial.

The government moves to dismiss for failure to state a claim upon which relief may be granted. Petitioner did not file a response.

## DISCUSSION

A. Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B. Analysis

To state a claim for ineffective assistance of counsel a petitioner must show 1) "that counsel's representation fell below an objective standard of reasonableness" (the "performance"

2

prong); and 2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (the "prejudice" prong).  Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).

"Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id.[1]

The government argues that petitioner's claims must be dismissed due to failure to allege facts demonstrating deficient performance or prejudice.  The court agrees.

With respect to petitioner's claim based on failure to move to suppress evidence from petitioner's cell phone, this claim fails as a matter of law because counsel in fact moved to suppress evidence obtained from his cell phone.  (See Motion to Suppress (DE 104) at 5-10).  Concerning petitioner's claim based upon hearsay testimony, this claim also fails as a matter of law because counsel in fact objected to the subject testimony and raised this issue on appeal.  (See, e.g., United States v. Teachey, No. 18-4461, 2021 WL 4775861 at *2 (4th Cir. Oct. 13, 2021)).

With respect to the remaining grounds for relief, petitioner has not demonstrated that, but for the alleged ineffective assistance of counsel, there is a reasonable probability that defendant would have accepted a more favorable plea offer.  See Lafler v. Cooper, 566 U.S. 156 (2012).  The trial record reflects that defense counsel supported resolving the case via a guilty plea rather than

---

[1] Internal quotations and citations are omitted, throughout this order, unless otherwise specified.

continuing with trial, including as demonstrated through change of plea hearing on the first day of trial, and through consultation with defendant during a recess in trial. (See Trial Tr. (DE 161) at 7-15, 109-112).

In sum, petitioner fails to allege facts demonstrating "that counsel's representation fell below an objective standard of reasonableness" or "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" Strickland, 466 U.S. at 688, 694. Thus, petitioner's claim fails as a matter of law and must be dismissed for failure to state a claim upon which relief can be granted.

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, petitioner's motion to vacate, set aside, or correct sentence (DE 169) is DISMISSED, and respondent's motion to dismiss (DE 175) is GRANTED. A certificate of appealability is DENIED. The clerk is DIRECTED is close this case.

SO ORDERED, this the 27th day of July, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge